# EXHIBIT A

PIERCE COUNTY SUPERIOR COURT
KEVIN STOCK
CLERK OF THE SUPERIOR COURT
TACOMA WA

FILED
IN COUNTY CLERK'S OFFICE

21-2-07551-9

A.M. **SEP 21 2021** P.M.

PIERCE COUNTY, WASHINGTON
KEVIN STOCK, County Clerk
BY_____ DEPUTY

| | Rcpt. Date 09/21/2021 | Acct. Date 09/22/2021 | Time 04:00 PM |
|---|---|---|---|
| | Receipt/Item # 2021-03-03902/01 | Tran-Code 1100 | Docket-Code $FFR |
| | Cashier: DNO | | |

Paid By: tooker, tim
Transaction Amount:                    $240.00

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## FOR THE COUNTY OF PIERCE

| | |
|---|---|
| WASHINGTON ELECTION INTEGRITY COALITION UNITED, a Washington State Nonprofit Corporation; KEVIN SCHMADEKA; KELLY WORDEN; MIRIAM WORDEN; RACHEL LYNN KEMAK; KIRSTEN MORAN; JEFFREY WHITE; TIM McFARLANE; ELIZABETH McFARLANE; JUNE TIMMERMAN; MIKE TIMMERMAN; YANCEY CREEKMORE; GREGORY BALTMISKIS; DAVID TRIPP; STEVE McCOY; TIMOTHY TOOKER,   Plaintiffs,   v.   JULIE ANDERSON, Pierce County Auditor; PIERCE COUNTY, and DOES 1-30, inclusive,   Defendants. | Case No. **21 2 07551 9**  VERIFIED COMPLAINT FOR EQUAL PROTECTION; VIOLATION OF CIVIL RIGHTS; EQUITABLE RELIEF; INJUNCTIVE RELIEF; DECLARATORY RELIEF; PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION   JURY DEMAND (6 PERSON) |

Plaintiffs allege:

### I. PARTIES

1.      Plaintiffs Kevin Schmadeka, Kelly Worden, Miriam Worden, Rachel Lynn Kemak,

Kirsten Moran, Jeffrey White, Tim McFarlane, Elizabeth McFarlane, June Timmerman, Mike

Timmerman, Yancey Creekmore, Gregory Baltmiskis, David Tripp, Steve McCoy and Timothy

Tooker ("Citizen Plaintiffs") are Pierce County residents and lawful electors of Washington State who voted in the November 2020 General Election ("Election"). (Article VI, §1, Washington State Constitution).

2.      Plaintiff Washington Election Integrity Coalition United ("WEiCU") is a Washington State nonprofit corporation with its principal office in Pierce County, Washington.

3.      At all relevant times, Defendant Julie Anderson is serving as the elected Auditor for the State of Washington, Pierce County ("Auditor" and "County"), responsible for all Election procedures, elections staff, election workers, election observers, the accuracy of the County's Election vote tabulations, and certification of the County Election's tabulation results.

4.      Defendant Pierce County is a municipal corporation.

## II. OVERVIEW

5.      The Auditor is responsible for conducting the County's Election in violation of, *inter alia*, Plaintiffs' equal protection, due process and free speech rights under the Washington State and United States Constitutions. Plaintiffs demand a jury trial and seek a judgment for damages for violations of their civil rights stemming from the Auditor using an uncertified voting system, allowing or facilitating vote flipping, additions and/or deletions, and allowing or facilitating party preference tracking and/or ballot identification. Plaintiff WEiCU issued a records request for ballots to confirm or deny the conduct and seeks a Court order compelling release of the public records, including a Court order unsealing ballots under RCW 29A.60.110, for a full forensic audit conducted by Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa County Arizona ballot auditor of approximately 2.1 million ballots.

/ / /

/ / /

VER. COMPLAINT FOR EQUAL PROTECTION      2

## III. JURISDICTION, VENUE, LIMITATIONS

6.      Any justice of the supreme court, judge of the court of appeals, or judge of the superior court in the proper county shall, by order, require any person charged with error, wrongful act, or neglect to forthwith correct the error, desist from the wrongful act, or perform the duty and to do as the court orders or to show cause forthwith why the error should not be corrected, the wrongful act desisted from, or the duty or order not performed, whenever it is made to appear to such justice or judge by affidavit of an elector that: (1) A wrongful act has been performed or is about to be performed by any election officer; or (2) Any neglect of duty on the part of an election officer has occurred or is about to occur. (RCW 29A.68.013(1), (2).)

7.      Venue is proper in the County's Superior Court for Constitutional violations, wrongful acts and/or neglect of duty by Auditor during the County's Election. (RCW 29A.68.013(1), (2).) Given a troublesome recent trend of judges recusing themselves thereby forcing actions to more favorable venues, Plaintiffs request that the Court immediately disclose to the parties any direct or indirect communications with any third parties aimed at disrupting the Court's ability to administer this action in a fair and equitable manner.

8.      The narrow 10 day limitations period of RCW 29A.68.013 subsection (3) does not apply to Plaintiffs' claims, as Plaintiffs are not seeking de-certification of the Election.

9.      Plaintiffs do not know the true names of defendants Does 1 through 30, inclusive, who are therefore sued by such fictitious names. Plaintiffs will amend this complaint to show their true names and capacities when they are ascertained.

/ / /

/ / /

/ / /

VER. COMPLAINT FOR EQUAL PROTECTION      3

## IV. WRONGFUL ACTS: USE OF UNCERTIFIED VOTING SYSTEM

### RCW 29A.68.013(1) and/or (2)

#### (Citizen Plaintiffs v. Auditor)

10.     Plaintiffs incorporate the allegations of paragraphs 1 through 9 above, as though fully set forth herein.

11.     Plaintiffs are informed and believe and thereon allege, that Auditor engaged in a wrongful act by using an uncertified voting system to tabulate votes for the Election.

12.     Auditor, who oversees all elections for the County, is required by federal and state law to use an electronic voting system certified by a U.S. Election Assistance Commission (EAC) accredited Voting System Test Labs (VSTLs). (Help America Vote Act 2002 (HAVA), 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

13.     No voting device or its component software may be certified unless it has been tested and approved by an EAC accredited VSTL. (*Id.*)

14.     Plaintiffs are informed and believe and thereon allege, that at the time of VSTL testing of the voting system used by Auditor for the Election, if any, the VSTL was not accredited by the EAC. As a result, any EAC or state level purported 'certification' of the system in reliance on the non-accredited testing reports are null and void, and the Election was conducted by Auditor in violation of state and federal law. ("Uncertified Voting System"; 52 USC §20971, RCW 29A.12.080, RCW 29A.12.020, WAC 434-335-010, WAC 434-335-250, WAC 434-335-040(f).)

15.     Plaintiffs are further informed and believe, and thereon allege, that in November 2020, Auditor personally certified the County's tabulation results generated by the Uncertified

Voting System for the Election, and that such act was in further error and/or neglect under state and federal law.

## V. DECLARATORY RELIEF: USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Auditor)

16.     Plaintiffs incorporate the allegations of paragraphs 1 through 15 above, as though fully set forth herein.

17.     A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Auditor, in that Plaintiffs contend that any electronic voting system used by Auditor to tabulate votes must be properly and legally certified under state and federal law.

18.     Plaintiffs are informed and believe, and thereon allege, that Auditor disputes and denies the allegations of paragraphs 11 through 15 above.

19.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Auditor as they pertain to the Uncertified Voting System used for the Election and future elections conducted by Auditor in the County.

## VI. EQUITABLE RELIEF: USE OF UNCERTIFIED VOTING SYSTEM

### (Citizen Plaintiffs v. Auditor)

20.     Plaintiffs incorporate the allegations of paragraphs 1 through 19 above, as though fully set forth herein.

21.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Auditor must be preliminarily and permanently restrained from conducting elections on the Uncertified Voting System, as any additional elections conducted using the Uncertified Voting System will be in further violation of state and federal law. In addition, Plaintiffs will suffer

irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

22. Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Auditor from using the Uncertified Voting System or any uncertified voting system to tabulate votes in any election held in the County.

## VII. WRONGFUL ACTS: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS
### RCW 29A.68.013(1) and/or (2)
### (Citizen Plaintiffs v. Auditor)

23. Plaintiffs incorporate the allegations of paragraphs 1 through 22 above, as though fully set forth herein.

24. Prior to assuming the duties of overseeing elections for the County, Auditor entered into a solemn contract with the citizens of the County in the form of a publicly sworn oath to, *inter alia*, 'faithfully and impartially discharge the duties of his or her office to the best of his or her ability." (RCW 36.16.040; "Oath")

25. Contrary to Auditor's Oath, Plaintiffs are informed and believe and thereon allege, that Auditor engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

26. Plaintiffs are informed and believe and thereon allege, based on official electronic tallies recorded and electronically reported and captured in real time, that approximately 6,000 votes were flipped, over 400,000 votes were added, and/or thousands of votes were removed in one or more state-wide races before, during, and/or after the Election. Plaintiffs are informed and

believe and thereon allege, that a portion of the state-wide vote flipping, additions and/or deletions occurred in the County's Election overseen by Auditor.

## VIII. DECLARATORY RELIEF: VOTE FLIPPING, ADDITIONS AND/OR DELETIONS

### (Citizen Plaintiffs v. Auditor)

27.    Plaintiffs incorporate the allegations of paragraphs 1 through 26 above, as though fully set forth herein.

28.    A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Auditor, in that Plaintiffs contend that Auditor engaged in a wrongful act, error and/or neglect of duty by allowing and/or facilitating electronic manipulation of the voting results from the Election.

29.    It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Auditor with regard to the alleged vote flipping, additions and/or deletions before, during and/or after the Election.

## IX. EQUITABLE RELIEF: VOTE FLIPPING, ADDITIONS, AND/OR DELETIONS

### (Citizen Plaintiffs v. Auditor)

30.    Plaintiffs incorporate the allegations of paragraphs 1 through 29 above, as though fully set forth herein.

31.    By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Auditor must be preliminarily and permanently restrained from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County. In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

32. Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Auditor from allowing and/or facilitating electronic manipulation of the voting results for any election held in the County.

## X. WRONGFUL ACTS: PARTY PREFERENCE
## RCW 29A.68.013(1) and/or (2)
### (Citizen Plaintiffs v. Auditor)

33. Plaintiffs incorporate the allegations of paragraphs 1 through 32 above, as though fully set forth herein.

34. Contrary to Auditor's Oath of impartiality, Plaintiffs are informed and believe and thereon allege, that Auditor engaged in wrongful acts, errors and/or neglect of duty by allowing and/or facilitating: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference. (RCW 29A.08.166)

## XI. DECLARATORY RELIEF: PARTY PREFERENCE
### (Citizen Plaintiffs v. Auditor)

35. Plaintiffs incorporate the allegations of paragraphs 1 through 34 above, as though fully set forth herein.

36. A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Auditor, in that Plaintiffs contend that Auditor engaged in wrongful acts, errors and/or neglect of duty by: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference. (RCW 29A.08.166)

37.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Auditor with regard to the alleged party preference conduct.

## XII. EQUITABLE RELIEF: PARTY PREFERENCE

### (Citizen Plaintiffs v. Auditor)

38.     Plaintiffs incorporate the allegations of paragraphs 1 through 37 above, as though fully set forth herein.

39.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Auditor must be preliminarily and permanently restrained from allowing and/or facilitating party preference tracking and/or ballot identification.  In addition, Plaintiffs will suffer irreparable injury in that their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

40.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Auditor from: 1) maintaining a record of County elector party preference in violation of RCW 29A.08.166; and/or 2) identifying ballots cast by County electors in the Election by party preference.  (RCW 29A.08.166)

## XIII. WRONGFUL ACTS, DECLARATORY AND INJUNCTIVE RELIEF RE:

## LACK OF SECURITY ENVELOPES

### RCW 29A.68.013(1) and/or (2); RCW 29A.40.091(1)

### (Citizen Plaintiffs v. Auditor)

41.     Plaintiffs incorporate the allegations of paragraphs 1 through 40 above, as though fully set forth herein.

42. Absolute secrecy in preparing and depositing ballots is required by the Washington State Constitution and related statutes. (WA State Constitution Art. 6, §6; RCW 29A.40.091(1) [the county auditor "shall" send each voter a ballot and a security envelope in which to conceal the ballot after voting].)

43. Contrary to Article 6 §6 and the plain language of RCW 29A.40.091(1), Auditor failed to provide electors with security envelopes to conceal ballots for the Election, providing instead 'open sleeves' or, for online printable ballots, no envelope or 'open sleeve' at all.

44. Plaintiffs are informed and believe and thereon allege, that Auditor is relying on WAC 434-230-120 which allows for use of "a security envelope **or sleeve**". [emphasis added].

45. A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Auditor, in that Plaintiffs contend the legislature has never approved the use of sleeves, much less open sleeves, for ballot security. The open sleeves used by Auditor allow for unfettered access to ballots prior to tabulation, are an invitation to ballot tampering, and violate Plaintiffs' right to absolute secrecy in preparing and depositing their ballots. (Washington State Constitution, Art. 6, § 6)

46. Plaintiffs are informed and believe, and thereon allege, that Auditor disputes and denies the contentions set forth in paragraphs 42-45.

47. It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Auditor in the form of an order striking the sleeve option of WAC 434-230-120 as inconsistent with RCW 29A.40.091(1), and requiring Auditor to comply with the plain language of RCW 29A.40.091(1) by sending each voter in Pierce County a security envelope for each ballot cast regardless of the ballot source.

/ / /

VER. COMPLAINT FOR EQUAL PROTECTION     10

## XIV. PUBLIC RECORDS ACTION

### RCW 29A.68.013(1) and/or (2); RCW 42.56.030; RCW 42.56.550; RCW 29A.60.110

### (Plaintiff WEiCU v. Auditor and County)

48.    Plaintiffs incorporate the allegations of paragraphs 1 through 47 above, as though fully set forth herein.

49.    In order to prove (or disprove) Plaintiffs' allegations herein, WEiCU brings this Public Records Act action to compel Defendants to provide access to public records from the Election for a full forensic audit. (RCW 42.56.030, 42.56.550, 29A.60.110).

50.    In August 2021, Plaintiff WEiCU submitted a records request to Auditor requesting original ballots, ballot images, spoiled ballots, adjudication records, ballot envelopes, and returned ballots for the Election. (RCW 42.56, "PRR"). The County denied one or more of the requested documents in WEiCU's PRR as exempt under RCW 42.56 citing RCW 29A.60.110 and/or White v. Clark County, 199 Wn.App. 929 (2017) ("PRR Denial"; "White Case").

51.    Contrary to the PRR Denial, RCW 29A.60.110 does not prohibit ballot review and expressly permits court ordered review of ballots. In addition, the White Case relies on WA State Constitution Article 6, Section 6 as grounds for refusing access to ballots, but that provision actually guarantees secrecy only in the preparation and deposit of ballots, and says nothing about secrecy following an election: "The legislature shall provide for such method of voting as will secure to every elector absolute secrecy in **preparing** and **depositing** his ballot." [WA State Const. Art. 6, § 6 [emphasis added].)

52.    Article 6, Section 6 does not prohibit public access to unidentifiable ballots after an election. Such interpretation of the State Constitution would prevent any ballot reviews relating to wrongful acts in an election and would be contrary to Article 1, Section 19 of the Washington State

Constitution which ensures fair and free elections in our state: "All Elections shall be free and equal, and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."

53.     Moreover, the State Constitution is consistent with Washington State law and administrative code, which provide that access to ballots or ballot images via court order is entirely appropriate to prove or disprove election irregularities, and that such review "shall be de novo." (RCW 42.56.030 [the people do not yield their sovereignty to the agencies and insist on remaining informed so that they may maintain control over the instruments they have created to assure public interest is fully protected]; RCW 42.56.550(3) [judicial review of all agency actions taken or challenged under the [PRA] "shall be de novo".]; RCW 29A.60.110 [allows unsealing of ballots "...by order of the superior court in a contest or election dispute."]; WAC 434-261-045 ["Voted ballots and voted ballot images may . . . be accessed in accordance with RCW 29A.60.110 [unsealing of ballots allowed by court order]).

54.     Numerous courts outside of Washington State have ruled that ballots are public records and subject to inspection: "Nothing could be more obvious than that a ballot becomes a public record once it is voted." (*Rogers v. Hood*, 906 So. 2d 1220, 1223 (Fla. Dist. Ct. App. 2005); *Marks v. Koch*, 284 P.3d 118, 122 (Colo. App. 2011) [ballot secrecy is not violated if "the identity of the voter cannot be discerned from the face of that ballot"]).

55.     Defendants must be compelled to comply with the PRR not only because the documents requested are public records, but also to prove (or disprove) the allegations herein. WEiCU further requests that the Court unseal the ballots under RCW 29A.60.110, as Plaintiff WEiCU stands ready, willing and able to conduct a full forensic audit of the requested public

records in coordination with Jovan Hutton Pulitzer, inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots.

## XV. DECLARATORY RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS

## WA STATE CONSITUTION ART. I, § 1, § 2, § 3, § 12, §19, §29; ART. VI, §6,

## US CONSTITUTION AMENDMENTS I, XIV

### (Citizen Plaintiffs v. Auditor)

56.     Plaintiffs incorporate the allegations of paragraphs 1 through 55 above, as though fully set forth herein.

57.     The right to freely elect one's representatives and to influence the political direction of one's government is the democratic republic's indispensable political foundation. Without free elections, there is neither the possibility for citizens to express their will nor the opportunity for citizens to change their leaders, approve policies for the country, address wrongs, or protest the limitation of their rights afforded to them by the Constitution. (Article 1, §19 Washington State Constitution).

58.     Moreover, Constitutional requirements and mandates may not be ignored by Auditor or this Court. (Article 1, §2, §29, Washington State Constitution.) Elections establish the citizenry's and the individual's right to FREE SPEECH as depicted by the First Amendment of the Constitution of the United States of America. Accordingly, Plaintiffs hereby demand of the Superior Court that the state and federal Constitutions be followed so that free and fair elections may be held in the County consistent with the free speech will of the People.

59.     Article 1 § 3 of the Washington State Constitution states: "No person shall be deprived of life, liberty, or property without due process of law." The right to vote is a fundamental right to which all lawful citizens of Washington State who meet the requirements are entitled, and

as such this right is a "liberty" protected under Article 1 Section 3 of the Washington State Constitution.

60.    A controversy has arisen relating to the legal rights of Plaintiffs and the legal duties of Auditor, in that Plaintiffs contend as follows:

a.    Auditor's wrongful acts as alleged herein infringed upon Plaintiffs' fundamental rights of equal protection, due process, and/or free speech under the Washington State Constitution and/or United States Constitution and amendments;

b.    Because Auditor failed to follow state and federal law, qualified electors were denied their fundamental right of suffrage without due process of law. Qualified electors who voted similarly had the value of their votes diluted, and the will of said voters denied, without due process of law;

c.    That the principles of equal protection require that Auditor abide by the process created by the Legislature to ensure uniform treatment of ballots regardless of who cast them, the manner in which they are cast, and/or who or what was voted for upon those ballots;

d.    That Auditor's conduct alleged herein abridged Plaintiffs' rights under the fourteenth amendment to the United States Constitution, which reads in relevant part: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state ... deny to any person within its jurisdiction the equal protection of the laws." The requirements of the special "privileges or immunities" prohibition of WA State Const. Art. 1, § 12 are in most cases at least as stringent as those of the federal equal protection clause. *Hunter v. North Mason High Sch.,* 85 Wn.2d 810, 819 n. 9, 539 P.2d 845 (1975);

e.    That ballots from County electors, including Plaintiffs herein, were not treated equally nor given equal levels of protection under the law; and,

f.      That Plaintiffs' state and/or federal Constitutional rights have been abridged as a proximate result of Auditor's conduct as alleged herein.

61.     Plaintiffs are informed and believe, and thereon allege, that Auditor disputes and denies the contentions set forth in subparagraphs (a) through (f) above.

62.     It is necessary and proper for the Court at this time to ascertain, determine and declare Plaintiffs' rights and the duties of Auditor, as they pertain to the Election and future elections in the County.

## XVI. INJUNCTIVE RELIEF: VIOLATIONS OF CONSTITUTIONAL RIGHTS
### (Citizen Plaintiffs v. Auditor)

63.     Plaintiffs incorporate the allegations of paragraphs 1 through 62 above, as though fully set forth herein.

64.     By reason of the matters alleged above, Plaintiffs' remedies at law are inadequate. Unless Auditor is immediately and permanently restrained from taking any further actions in violation of Plaintiff's Constitutional rights, Plaintiffs will suffer irreparable injury in that, among other things, their fundamental rights under the Washington State Constitution and/or United States Constitution, and amendments, will be further violated.

65.     Accordingly, Plaintiffs are entitled to a preliminary and permanent injunction (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) barring Auditor from:

a)  Using an Uncertified Voting System;

b)  Allowing or facilitating vote flipping, additions and/or deletions; and/or

c)  Allowing or facilitating party preference tracking and/or ballot identification.

/ / /

# XVII. DAMAGES FOR CIVIL RIGHTS VIOLATIONS

## 42 USC §1983, §1988

### (Citizen Plaintiffs v. Auditor)

66.     Plaintiffs incorporate the allegations of paragraphs 1 through 65 above, as though fully set forth herein.

67.     Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. (42 U.S.C. §1983).

68.     Auditor's actions as alleged herein were done under color of state law.

69.     While acting under color of state law, and as a proximate result of Auditor's conduct, Auditor deprived Plaintiffs of their federal rights under, *inter alia*, the First and/or Fourteenth Amendments to the United States Constitution.

70.     Plaintiffs have incurred and will incur expenses of suit as a result of this proceeding, in an amount that cannot yet be ascertained, and reserve all rights to recovery under 42 U.S.C. Sections 1983 and 1988.

## XVIII. DEMAND FOR JURY TRIAL

71.     Auditor's conduct alleged herein raises serious questions of fact. (RCW 4.44.090 [all questions of fact shall be decided by the jury].) Plaintiffs' right of trial by jury "shall remain inviolate". (Washington State Constitution, Art. 1, §21; US Constitution Amendment VII.) Plaintiffs hereby demand a jury trial.

# XIX. RELIEF SOUGHT

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1. That Auditor be found in error and/or neglect for using an Uncertified Voting System during the Election;

2. That Auditor be found in error and/or neglect for allowing and/or facilitating vote flipping, additions and/or deletions before, during and/or after the Election;

3. That Auditor be found in error and/or neglect for allowing or facilitating party preference tracking and/or ballot identification for the Election;

4. That Auditor be ordered to desist from the following errors and wrongful acts and facilitation thereof:

   a) Using an Uncertified Voting System;

   b) Allowing or facilitating vote flipping, additions and/or deletions; and/or,

   c) Allowing or facilitating party preference tracking and/or ballot identification;

5. For a declaration finding that the sleeve option of WAC 434-230-120 contradicts the clear legislative intent in RCW 29A.40.091(1) requiring a security envelope, and preliminary and permanent injunctive relief (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) requiring Auditor to comply with the plain language of RCW 29A.40.091(1) by sending each voter in Pierce County a security envelope for each ballot cast regardless of ballot source;

6. That Auditor and/or Defendant County be compelled and ordered to comply with WEiCU's PRR, including a Court order unsealing ballots under RCW 29A.60.110, for the purpose, *inter alia*, of a full forensic audit conducted by Jovan Hutton Pulitzer,

inventor of kinematic artifact detection and Maricopa county Arizona ballot auditor of 2020 General Election 2.1 million ballots;

7. For a declaration that Auditor's actions violated Plaintiffs' Constitutional Rights to Equal Protection, Due Process, and/or Free Speech Under the Law (WA State Const., Art I, § 1, § 2, § 3, § 12, §19, §29 ; Art. VI, §6, US Const. Amendments I and/or XIV.)

8. For preliminary and permanent injunctive relief (or, alternatively, in the Court's discretion, the issuance of a writ of mandamus under RCW 7.16.160) enjoining Auditor, Auditor's agents, employees, and all persons acting in concert with Auditor, from any and all of the following actions, as Plaintiffs' remedies at law are inadequate, and Auditor's conduct will cause Plaintiffs to suffer irreparable injury through continued violations of their Constitutional rights:

   a) Using an Uncertified Voting System;

   b) Allowing or facilitating vote flipping, additions and/or deletions; and/or,

   c) Allowing or facilitating party preference tracking and/or ballot identification;

9. For damages for violation of Plaintiffs' constitutional rights under color of law (42 U.S.C. Sections 1983); and/or,

10. For attorney's fees if counsel is retained, for costs of suit, and for such other and further relief as the Court deems just and proper.

WASHINGTON ELECTION INTEGRITY
COALITION UNITED, a WA Nonprofit Corp.

Dated: _____ 9/17/2021 _____

By: Tamborine Borrelli
Its: Director
Address: 13402 125th Ave NW
            Gig Harbor, WA 98329-4215
Phone:  253-375-1255

Dated: _____ 9/20/2021

Jeffrey White
Plaintiff, *Pro Se*
Address: 6211 106th St. Ct. E
         Puyallup, WA 98373
Phone: (253) 219-9180

Dated: _____ 9/18/2021

Tim McFarlane
Plaintiff, *Pro Se*
Address: 11107 10th Ave Ct E, D-101
         Tacoma, WA 98445
Phone: (253) 249-4640

Dated: _____ 9/18/2021

Elizabeth McFarlane
Plaintiff, *Pro Se*
Address: 14016 80th Ave Ct E
         Puyallup, WA 98373
Phone: (253) 205-1052

Dated: _____ 9/19/2021

June Timmerman
Plaintiff, *Pro Se*
Address: 12117 34the Ave E
         Tacoma, WA 98446
Phone: (253) 677-3567

Dated: _____ 9/19/2021

Mike Timmerman
Plaintiff, *Pro Se*
Address: 12117 34the Ave E
         Tacoma, WA 98446
Phone: (253) 677-3567

VER. COMPLAINT FOR EQUAL PROTECTION      20

Dated: _____ 9/18/2021

Yancey Creekmore
Plaintiff, *Pro Se*
Address: P.O. Box 99
         Roy, WA 98580
Phone: (509) 904-2040

Dated: _____ 9/18/2021

Gregory Baltmiskis
Plaintiff, *Pro Se*
Address: 5516 37th St NW
         Gig Harbor, WA 98335
Phone: (253) 241-6211

Dated: _____ 9/18/2021

David Tripp
Plaintiff, *Pro Se*
Address: 1413 Everett St
         Sumner, WA 98390
Phone: (253) 224-5239

Dated: _____ 9/19/2021

Steve McCoy
Plaintiff, *Pro Se*
Address: 16911 42nd St Ct E
         Lake Tapps, WA 98391
Phone: (253) 302-0339

Dated: _____ 9/18/2021

Timothy Tooker
Plaintiff, *Pro Se*
Address: 138th Ave E
         Puyallup, WA 98374
Phone: (253) 355-3320

VER. COMPLAINT FOR EQUAL PROTECTION     21

# VERIFICATIONS

I, Tamborine Borrelli, declare:

I am the Director of Washington Election Integrity Coalition United, a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in Thurston County, State of Washington, on this _____ day of _____, 2021.

9/17/2021

WASHINGTON ELECTION INTEGRITY COALITION UNITED, a WA State Nonprofit

By: Tamborine Borrelli
Its: Director

I, Kevin Schmadeka, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of _____, State of Washington, on this _____ day of _____, 2021.

Pierce

9/18/2021

Kevin Schmadeka

I, Kelly Worden, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce _____, State of Washington, on this _____ day of 9/19/2021 _____, 2021.

Kelly Worden

I, Miriam Worden, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce _____, State of Washington, on this _____ day of 9/19/2021 _____, 2021.

Miriam Worden

I, Rachel Lynn Kemak, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce _____, State of Washington, on this _____ day of 9/20/2021 _____, 2021.

DocuSigned by:

RACHEL LYNN KEMAK
711A89DF75D14F0...

Rachel Lynn Kemak

I, Kirsten Moran, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce _____, State of Washington, on this _____ day of 9/19/2021 _____, 2021.

DocuSigned by:

Kirsten Moran
B05FA70620F4491...

Kirsten Moran

VER. COMPLAINT FOR EQUAL PROTECTION     24

DocuSign Envelope ID: 01C322DE-DBA1-4D5F-B96F-9268FA63B73C

Dated: ___9/18/2021___

Kevin Schmadeka
Plaintiff, *Pro Se*
Address: 7819 174th Street Ct E
          Puyallup, WA 98375
Phone: (206) 375-0533

Dated: ___9/19/2021___

Kelly Worden
Plaintiff, *Pro Se*
Address: 4911 199th Ave Ct SW
          Longbranch, WA 98351
Phone: (253) 732-4177

Dated: ___9/19/2021___

Miriam Worden
Plaintiff, *Pro Se*
Address: 4911 199th Ave Ct SW
          Longbranch, WA 98351
Phone: (253) 732-5082

Dated: ___9/20/2021___

Rachel Lynn Kemak
Plaintiff, *Pro Se*
Address: 4221 Pelton Court
          Gig Harbor, WA 98332
Phone: (253) 906-1189

Dated: ___9/19/2021___

Kirsten Moran
Plaintiff, *Pro Se*
Address: 5512 Timber Lane
          Gig Harbor, WA 98335
Phone: (916) 300-3206

VER. COMPLAINT FOR EQUAL PROTECTION        19

I, Jeffrey White, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce

_____, State of Washington, on this _____ day of 9/20/2021 _____, 2021.

DocuSigned by:

*Jeff White*

9AFE185A61AE439...

Jeffrey White

I, Tim McFarlane, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of PIERCE

_____, State of Washington, on this _____ day of 9/18/2021 _____, 2021.

DocuSigned by:

*Tim McFarlane*

E97493D105F644D...

Tim McFarlane

I, Elizabeth McFarlane, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce _____, State of Washington, on this _____ day of _____ 9/18/2021 _____, 2021.

Elizabeth McFarlane
Elizabeth McFarlane

I, June Timmerman, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce County _____, State of Washington, on this _____ day of _____ 9/19/2021 _____, 2021.

June Timmerman
June Timmerman

VER. COMPLAINT FOR EQUAL PROTECTION     26

I, Mike Timmerman, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce county _____, State of Washington, on this _____ day of _____ 9/19/2021, 2021.

Mike Timmerman

I, Yancey Creekmore, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce County _____, State of Washington, on this _____ day of _____ 9/18/2021, 2021.

Yancey Creekmore

I, Gregory Baltmiskis, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce _____, State of Washington, on this _____ day of ___9/18/2021_____, 2021.

DocuSigned by:

_Gregory Baltmiskis_
5A919545003B414...
Gregory Baltmiskis

I, David Tripp, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce _____, State of Washington, on this _____ day of ___9/18/2021_____, 2021.

DocuSigned by:

_David Tripp_
3EC0EE80297340A...
David Tripp

VER. COMPLAINT FOR EQUAL PROTECTION      28

I, Steve McCoy, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce _____, State of Washington, on this _____ day of __9/19/2021____, 2021.

Steve McCoy

I, Timothy Tooker, declare:

I am a named Plaintiff in the above-captioned action. I have read the foregoing VERIFIED COMPLAINT FOR EQUAL PROTECTION, VIOLATION OF CIVIL RIGHTS, EQUITABLE RELIEF, INJUNCTIVE RELIEF, DECLARATORY RELIEF, PUBLIC RECORDS ACTION TO COMPEL BALLOT PRODUCTION and know the contents thereof. I am informed and believe that the matters stated therein are true and correct and on that ground I allege that the matters stated therein are true. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct and that this document was executed in the County of Pierce _____, State of Washington, on this _____ day of 9/18/2021_____, 2021.

Timothy Tooker

**Superior Court of Washington, County of Pierce**

| | |
|---|---|
| Petitioner/s *(person/s who started this case)*: | No.   21  2  07551  9 |
| *Washington Election Integrity Coalition United* | Declaration Re: Signature on Electronic Document |
| And Respondent/s *(other party/parties)*: | |
| *Julie Anderson   Auditor* | |
| | (MT) |

# Declaration Re: Signature on Electronic Document

I, ___*Timothy Tooker*___, declare under penalty of perjury under the laws of the State of Washington, that the foregoing electronic document(s) attached to this declaration, which consist of __29__ pages including this declaration page, is a complete and legible image that I have examined personally and that was received by me via

☐ FAX at the following number (_____) _____

☐ Scanned and emailed to the following email address

_____ @ _____

☑ Electronically signed

▶ _____          *Timothy Tooker*
Signature                                      Print name here

__21 Sep 21__
Date

Optional Form *(05/2016)*

p. 1 of 1